[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12689

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID RICARDO RIVERON-VALDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80042-RLR-1

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

David Riveron-Valdes appeals his sentence for encouraging and inducing an alien to illegally enter and reside in the United States.    Because the district court correctly applied the enhancement for a firearm having been discharged during the offense, and because Riveron-Valdes's sentence is substantively reasonable, we affirm.

## I.

Late one night in February 2023, United States Customs and Border Protection Air and Marine Operations spotted a suspected smuggling vessel traveling toward the United States from the Bahamas.  After surveilling the vessel throughout the night, AMO attempted to interdict the smuggling vessel within the territorial waters of the United States off the coast of Florida.  AMO engaged its vessel's blue enforcement lights, sirens, spotlights, and flashlights to initiate an investigatory stop, but the smuggling vessel kept heading toward the United States.  With the captain of the smuggling vessel not cooperating, the AMO deployed two warning flares, prompting the rogue vessel to finally slow to a stop.

Sure enough, the vessel was found to be captained by Riveron-Valdes, a Cuban national, and there were eleven other non-citizens on board.  Several of the vessel's passengers were young children, including a two-year old, a four-year-old, and two

nine-month-old children.  There was no food or water onboard the vessel.  Nor were there any life jackets.

Riveron-Valdes was charged with eleven counts of knowingly encouraging and inducing aliens to illegally enter and reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(B)(iii) (Counts 1–11), and one count of failing to obey an order to heave to a vessel, in violation of 18 U.S.C. § 2237(a)(1) (Count 12).  He pleaded guilty to Count 1, and the remaining counts were dismissed.

At sentencing, Riveron-Valdes's base offense level was subject to several enhancements.  Relevant to this appeal, his offense level was increased by seven levels pursuant to U.S. Sentencing Guidelines § 2L1.1(b)(5)(A) because a firearm was discharged during the offense—namely, the warning shots fired by the AMO.  The Guidelines imprisonment range was 46–57 months imprisonment, but the district court decided that a downward variance was appropriate and ultimately sentenced Riveron-Valdes to 37 months imprisonment with two years of supervised release.

## II.

Riveron-Valdes objects to the application of the seven-level enhancement under U.S.S.G. § 2L1.1(b)(5) because he did not personally possess or discharge a firearm during the offense.  This Court reviews a district court's factual findings for clear error, and the application of those facts to the Guidelines de novo.  *United States v. McQueen*, 670 F.3d 1168, 1169 (11th Cir. 2012).

Riveron-Valdes's argument is foreclosed by binding precedent. In *United States v. McQueen*, we heard an appeal from an almost identical set of facts. There, a smuggler heading to Florida led Customs and Border Protection on a boat chase, prompting the officers to fire two illuminated warning shots. *Id.* We affirmed the application of the sentencing enhancement because McQueen's actions "induced" the discharge of the firearm; "a 'reasonable' alien smuggler who flees from law enforcement on the high seas would foresee the use of illuminated warning shots to gain compliance." *Id.* at 1171. So too here. Because the discharge of a firearm by law enforcement was a reasonably foreseeable result of Riveron-Valdes's nautical evasion, the enhancement was properly applied.

He also argues that his sentence is substantively unreasonable. Specifically, he argues that the district court did not consider the relevant factors, especially his lack of criminal history. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment." *Id.* at 1190 (quotation omitted). The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *Id.* at 1191 n.16.

Riveron-Valdes did not meet this burden. The district court considered the § 3553(a) factors. It acknowledged that Riveron-Valdes had no criminal history, and that the various enhancements raised his base offense level to the "higher side." But it also

considered the seriousness of the crime, the need for general deterrence, and the fact that Riveron-Valdes created the risk of a "catastrophic outcome" had something gone wrong with his vessel during the clandestine voyage. Taking all of that into account, the court chose to vary downward to a sentence of 37 months, followed by two years of supervised release. We cannot say that this was a clear error of judgment, nor is there any evidence that the district court weighed an improper factor. *Irey*, 612 F.3d at 1189.

★    ★    ★

Because the application of the sentence enhancement to Riveron-Valdes's case is controlled by binding precedent, and because the ensuing sentence was substantively reasonable, the sentence imposed by the district court is **AFFIRMED**.